IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SEAN S. TRAYLOR,

       Plaintiff,

v.

HENSEL PHELPS CONSTRUCTION COMPANY
(aka HENSEL PHELPS CONSTRUCTION GROUP),
a Colorado corporation,
ALLEN J. BLEISMER,
GRANT LEBAHN,
KURT W. SEEMAN,
MIKE FRENCH,
ASHLEIGH C. MORTON,
ADAM NOELCK,
LACY DENNIS,
JANE & JOHN DOES 1-3,

       Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, SEAN S. TRAYLOR, by and through undersigned counsel of the law firm of Springer and Steinberg, P.C., and for his Complaint and Jury Demand in this matter alleges and avers the following:

### JURISDICTIONAL ALLEGATIONS

1.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, relating to

1

federal question, 28 U.S.C. §1343 which grant original jurisdiction to the Federal District Court in actions which arise under federal civil rights laws, and the Court's supplemental jurisdiction and under 42 U.S.C. §§ 2000(e)-5(f) *et. seq.* for actions which arise under Title IV of the Civil Rights Act of 1964. This action for damages is commenced pursuant to 42 U.S.C. §§ 2000e, *et seq.,* otherwise known as Title VII of the Civil Rights Act of 1964, pursuant to the Americans With Disabilities Act of 1990 at 42 U.S.C. §§ 12101 *et seq.*, and pursuant to the Age Discrimination in Employment Act at 29 U.S.C. §§ 621 *et seq.*, and under the pendent jurisdiction of this Court to entertain claims arising under state law, pursuant to the Colorado Civil Rights Act (CCRA), C.R.S. §§ 24-34-301 *et. seq.* and the Colorado Job Protection and Civil Rights Enforcement Act (CJPCREA), §§ 24-34-401 *et seq.* Claims for relief for this action arise under 42 U.S.C. §§ 2000(e) *et. seq.*; under 42 U.S.C. §§ 12101 *et seq.*; under 29 U.S.C. §§ 621 *et seq.*; under 20 U.S.C. § 206(d)(1); and under C.R.S. §§ 24-34-301 *et. seq.* and 24-34-401 *et seq.* The amount in controversy exceeds $75,000.

  2. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2) and other statutory provisions concerning venue. Plaintiff Traylor and, on information and belief, Defendants Allen J. Bleismer, Kurt W. Seeman, Grant Lebahn, Mike French, Ashleigh C. Morton, Adam Noelck, Lacy Dennis, and Jane and John Does 1-3, are citizens and residents of the State of Colorado and Defendant Hensel Phelps Construction Company is a resident of the State of Colorado. All of the events, or omissions, giving rise to the claims occurred in the District of Colorado.

  3. Plaintiff has exhausted all necessary administrative remedies. He timely filed Charges of Discrimination with the Colorado Civil Rights Division ("CCRD"), charge number

2

E20140385, and fully participated and complied with the administrative law procedures of the Civil Rights Division.

4.  On July 25, 2014, the plaintiff was issued a notice of early right to sue by the CCRD.

5.  This action is timely and has been commenced within 90 days of receipt of the Notice of Right to Sue.

6.  Plaintiff hereby realleges all allegations made in his CCRD Charges and incorporates same herein.

### PARTIES

7.  Plaintiff, Sean Traylor, is an African American citizen of the United States and the State of Colorado and has been at all times relevant herein a resident of the State of Colorado.

8.  Plaintiff Traylor was born on December 27, 1967.

9.  Plaintiff is a veteran of the of the US Army who served a four-year tour of duty in the Middle East, and at all times relevant herein suffered from and received treatment for post-traumatic stress syndrome ("PTSD") by the United States Veterans Administration.

10. Plaintiff was an employee of Defendant Hensel Phelps Construction Company, as field engineer and office engineer from February, 2008, until his constructive discharge on September 18, 2013, effective on October 31, 2013.

11. Defendant Hensel Phelps Construction Company (aka Hensel Phelps Construction Group and / or Phelps, Inc.) (hereinafter "Hensel Phelps"), is a corporate entity, incorporated in 1937 under the laws of Delaware as Phelps, Inc. and having subsequently changed its name and

conducting business under an assumed or trade name of Hensel Phelps Construction Co. Hensel Phelps has its principal office and place of business at 420 Sixth Avenue, Greeley, Colorado. At all times relevant herein, Hensel Phelps was the employer of the Plaintiff and Defendants Bleismer, Lebahn, Seeman, Noelck, Morton, and John or Jane Does 1-3.

12. Defendant Allen J. Bleismer, a Caucasian male, at all times relevant herein was employed by Hensel Phelps as the Vice President and Manager for the Plains District of Hensel Phelps.

13. Defendant Grant Lebahn, a Caucasian male, at all times relevant herein was employed by Hensel Phelps as an operations manager

14. Defendant Kurt W. Seeman, a Caucasian male, at all times relevant herein was employed by Hensel Phelps as a project manager.

15. Defendant Mike French, a Caucasian male, at all times relevant herein until July 12, 2013, was employed by Hensel Phelps as a project engineer.

16. Defendant Adam Noelck, a Caucasian male, at all times relevant herein was employed by Hensel Phelps as an office engineer or project engineer.

17. Defendant Ashleigh C. Morton, a Caucasian female, at all times relevant herein was employed by Hensel Phelps as an office engineer.

18. Defendant Lacy Dennis, a Caucasian female, at all times relevant herein was employed by Hensel Phelps as a project engineer and then as an area superintendent.

19. Defendants Jane & John Does 1-3, are Caucasian employees of Hensel Phelps who worked with Plaintiff Traylor and engaged in the conduct complained of herein. Plaintiff Traylor reserves the right to add them as co-defendants at a later date if necessary.

## ADMMINSTRATIVE PROCEDURES

20. Plaintiff Sean Taylor timely filed a Charge of Discrimination with the CCRD on or about January 21, 2014. In his charges, the Plaintiff alleges race/color discrimination, age discrimination, and disability discrimination arising out of his employment. Plaintiff explained in his charge that: (1) Plaintiff, as a 46-year-old disabled African American, was being discriminated against in that he was denied a promotion as a result of his race, color, disability and / or age, (2) was given poor performance reviews by his supervisors as a result of his race, color, disability and / or age, (3) was subjected to and suffered harassment and humiliation by co-workers and supervisors as a result of his race, color, disability and / or age.

21. On or about July 25, 2014, Plaintiff Traylor was sent a Notice of Early Right to Sue by the CCRD for Charge No. E20140385.

22. This action followed and is timely filed.

## GENERAL ALLEGATIONS

23. Plaintiff hereby incorporates the allegations in the paragraphs above as if fully set forth herein.

24. Upon information and belief, Defendant Hensel Phelps is one of the largest general contractors and construction managers in the United States engaging in business in Colorado and around the United States and the world. Hensel Phelps has been responsible for building local, regional, national and international projects. On information and belief, in Colorado, Hensel Phelps has delivered over 387 projects with a combined value exceeding $5.6 billion, including Stapleton Airport and DIA, Presbyterian/St. Luke's Medical Center, Elitch

Gardens, Colorado Convention Center and Expansion, Wellington E. Webb Municipal Office Building, Hyatt Convention Center Hotel, Denver Justice Center, Ameristar Hotel and Casino, the History Colorado Center, and multiple projects at Fort Carson, Colorado.

25. During the term of Plaintiff's employment with Defendant Hensel Phelps, Plaintiff Traylor was assigned by Defendant Hensel Phelps to work as Office Engineer on several projects, including Ameristar, the Denver Justice Center, the Boy and Girls Club Project, and the Mountain View Project at Buckley Air Force Base in Aurora, Colorado.

26. Defendants Noelck and Morton were also assigned to the Mountain View Project as Office Engineers and co-workers with Plaintiff Trayler.

27. During the term of Plaintiff's employment with Defendant Hensel Phelps until July 12, 2013, Defendant French was assigned by Hensel Phelps to work at the Mountain View Project as a Project Engineer and as the direct supervisor of Plaintiff Traylor and Defendants Noelck and Morton.

28. During the term of Plaintiff's employment with Defendant Hensel Phelps, Defendant Williams was assigned by Hensel Phelps to work at the Mountain View Project as a Project Engineer and as the direct supervisor of Plaintiff Traylor and Defendants Noelck and Morton.

29. At various times during the term of Plaintiff's employment with Defendant Hensel Phelps, Defendants Seeman and Dennis were the Project Managers of the Mountain View Project and supervisors of Plaintiff Trayler.

30. During the term of Plaintiff's employment with Defendant Hensel Phelps, Defendant Lebahn was the Operations Manager overseeing the Mountain View Project. As

Operations Manager, Defendant Lebahn had responsibility for assignment of staff or the Project including Office Engineers, including Plaintiff Traylor and Defendants Noelck and Morton, and for the promotion of Office Engineers to the Project Engineer position, including the promotion of Defendant Noelck to that position.

31.     At all times relevant herein, including the periods of August and September, 2013, there was a demeaning and hostile atmosphere and working environment towards Plaintiff Traylor and other African American employees, older employees, and disabled employees at Hensel Phelps in Colorado.

32.     Plaintiff Traylor was one of very few, and for a while the only, African American employee in the entire Plains District which is the headquarters of Hensel Phelps.

33.     At all times relevant herein, including but not limited to June, July, August, and September, 2013, while at work Defendants Adam Noelck, Ashley Morton, and Lacy Dennis, along with other Hensel Phelps employees referred to Plaintiff Traylor and others in race/color, age, and disability derogatory terms including but not limited to "broke-dick," "PTSD guy," "the Non-White," "the Other People," "stupid," "dumbass," "blacks," "asshole," and "busted Richard."

34.     Plaintiff Traylor was described openly by Defendants in staff meetings as not being "part of the team" and was shunned from team outings the Defendants put together.

35.     After being diagnosed with PTSD in early 2013, Defendants ridiculed Plaintiff Traylor and his disability. Upon learning of Plaintiff Traylor's disability, Defendant Seeman remarked to Defendant French disparagingly about Plaintiff Traylor and his employment at Hensel Phelps and both submitted unfairly critical reviews of Plaintiff Traylor's job

performance.

36.     Plaintiff Traylor was informed by Defendant French that he would not "make it with the company," Hensel Phelps, because of his age.

37.     On one or more occasions, the Defendants racially demeaned and made disparaging remarks about Plaintiff Traylor in front of third parties, including subcontractors, at job sites.

38.     Beginning in June, 2013, Plaintiff Traylor made multiple verbal and written reports of his discriminatory treatment including race/color, age, and disability harassment and verbal abuse by two of his co-workers, Defendants Noelck and Morton, and manager, Defendant Seeman, to his Project Manager, Defendant Seeman, and his Project Engineer, Defendant Mike French, and requested an investigation and resolution.  Plaintiff Traylor specifically requested to be moved to another area within the job facility or to be relocated altogether, but nothing was ever done by Defendant French or any other Defendant herein.  Instead, Plaintiff Traylor was asked by Defendants Seeman and French if he should quit.

39.     Plaintiff Traylor also reported his discriminatory treatment to the Operations Manager, Defendant Grant Lebahn, and, separately, to Hensel Phelps Vice President and Manager of the Plains District, Defendant Allen J. Bleismer, and requested to be relocated, but nothing was ever done.

40.     Hensel Phelps relocated other employees upon their requests.

41.     In August and September of 2013, Plaintiff was given very low job performance scores by Defendants Lebahn, Seeman, and French, and was placed therefore by the Defendants Hensel Phelps, Lebahn, and Seeman on a punitive and demeaning "Performance Action Plan."

On information and belief, the low job performance scores were motivated by racial, age, and disability animosity towards Plaintiff Traylor by them.

42. In August of 2013, Plaintiff Traylor was passed over by the Defendant Hensel Phelps and Lebahn, for a promotion to Project Engineer which was given to Defendant Adam Noelck, a much younger, 29 year old, Caucasian male employee with much less experience and seniority with Hensel Phelps and one of the co-employees who had engaged in the race/color, age, and disability harassment of Plaintiff described above.

43. For the reasons above, Plaintiff Traylor's resignation from his employment with Defendant Hensel Phelps was a constructive termination by Defendants of his employment.

44. On September 18, 2013, when Plaintiff Traylor tendered his resignation, Defendant Lebahn had Plaintiff under duress execute an unconscionable "Separation Agreement, Waiver, and Release," in an attempt by Defendant Hensel Phelps and its employees to avoid responsibility and liability to Plaintiff Traylor for race/color, age, and disability discrimination as well as liability under the state's "human rights laws" and all other laws of every kind and nature.

45. As a direct and proximate cause of the conduct of the Defendants, each of them, set forth above, Plaintiff suffered great embarrassment, humiliation, stress, mental, emotional, and psychological anguish, and other pain and suffering, including aggravation and contribution to Plaintiff Traylor's PTSD.

46. As a direct and proximate cause of the conduct of the Defendants, each of them, set forth above, Plaintiff suffered injury to his reputation and his employability.

47. As a direct and proximate cause of the conduct of the Defendants, each of them,

set forth above, Plaintiff suffered loss of past, current, and future income including but not limited to back pay, front pay, loss of benefits, loss of seniority, and liquidation of retirement assets, court costs, and attorney fees in an amount to be proven at trial.

48. Plaintiff is entitled to reasonable attorney fees, costs, and interest according to law.

49. Plaintiff has performed all conditions precedent.

## FIRST CLAIM FOR RELIEF
### (Violation of Title VII / CCRA / CJPCEA - Race/Color Discrimination)

50. Plaintiff Traylor hereby realleges the paragraphs above and incorporates the same herein.

51. Plaintiff Traylor is an African American and therefore is a member of a protected class.

52. Plaintiff Traylor was qualified and performed his job satisfactorily.

53. Plaintiff Traylor suffered the following adverse employment actions in the form of harassment and discrimination, punitive sanctions, and constructive termination as alleged above.

54. Race/color discrimination was a motivating factor of the adverse employment actions.

## SECOND CLAIM FOR RELIEF
### (Violation of Title VII / CCRA / CJPCEA
### – Racial Harassment – Hostile Work Environment)

55. Plaintiff Traylor hereby realleges the paragraphs above and incorporates the same herein.

56. Plaintiff Traylor was subjected to harassment, through words and actions, based on his race/color.

57. The harassment was severe enough to have the effect of unreasonably interfering with Plaintiff Traylor's work performance and creating an objectively intimidating, hostile, or offensive work environment.

58. Race/color discrimination was a motivating factor of the harassment.

59. As a direct and proximate result thereof Plaintiff Traylor suffered harassment, humiliation, a hostile work environment, discipline, constructive termination of his employment, and diminished earnings and income.

## THIRD CLAIM FOR RELIEF
### (Violation of the Age Discrimination Employment Act / CCRA / CJPCREA)

60. Plaintiff Traylor hereby realleges the paragraphs above and incorporates the same herein.

61. Plaintiff Traylor is a member of a protected class, age 40 and above, as shown by his date of birth.

62. Plaintiff Traylor was qualified and performed his job satisfactorily.

63. Plaintiff Traylor suffered adverse employment actions in the form of harassment

and discrimination as alleged above.

64.   Said adverse employment action was taken under circumstances giving rise to an inference of discrimination because of his age.

65.   Plaintiff has been damaged by Defendants' actions as set forth above.

### FOURTH CLAIM FOR RELIEF
**(Violation of the Americans With Disabilities Act of 1990 / CCRA / CJPCREA)**

66.   Plaintiff Traylor hereby realleges the paragraphs above and incorporates the same herein.

67.   Plaintiff Traylor is a disabled person as defined by the American with Disabilities Act as he has been diagnosed with Post-Traumatic Stress Disorder.

68.   Plaintiff Traylor was qualified and performed his job satisfactorily.

69.   Plaintiff Traylor suffered adverse employment actions in the form of harassment and discrimination as alleged above.

70.   Said adverse employment action was taken under circumstances giving rise to an inference of discrimination because of his disability.

71.   Plaintiff has been damaged by Defendants' actions as set forth above.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants, each of them, and that the Court do the following:

    a.   Award Plaintiff damages, compensatory, general and specific, actual, and

otherwise, in an amount to be determined at trial;

    b.    Award Plaintiff exemplary or punitive damages;

    c.    Interest, both pre-judgment and post-judgment, as allowed by law;

    d.    Award Plaintiff damages for back pay, benefits, loss of income, in an amount to be determined at trial.

    e.    Award Plaintiff reasonable attorney's fees and costs;

    f.    Award Plaintiff interest and expert witness fees, all as provided by law; and

    g.    Award Plaintiff such other and further relief as this court deems equitable, just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted this 30th day of October, 2014.

SPRINGER AND STEINBERG, P.C.

By:    /s/ **Andrew B. Reid**
Andrew B. Reid

1600 Broadway, Suite 1200
Denver, Colorado 80202
TELEPHONE: 303.861.2800
Email: areid@springersteinberg.com

ATTORNEY FOR PLAINTIFF SEAN TRAYLOR